# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40221
c/w No. 14-40225
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID ROJAS-BUENROSTRO,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-929-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

David Rojas-Buenrostro (Rojas) is appealing the sentences imposed following his guilty plea to being found unlawfully present in the United States and the revocation of his supervised release for an earlier illegal reentry conviction. He argues that the above-guidelines-range 40-month sentence imposed for the new illegal entry offense is substantively unreasonable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40221
c/w No. 14-40225

because the district court gave undue significant weight to the need for deterrence and protection of the public, which needs were met by the consecutively imposed 24-month revocation sentence.  Further, he complains that the district court gave too much weight to his violent criminal history based on a 1993 conviction and failed to take into account that he was 50 years old and he had not committed any violent offenses since 1993.

Rojas failed to object in the district court to the illegal reentry sentence on the specific grounds argued in this court and, therefore, review is limited to plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).  Sentences, whether inside or outside the Guidelines, are reviewed for reasonableness in light of the 18 U.S.C. § 3553(a) factors.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  A sentence is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors."  *United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013) (internal quotation and citations omitted).

The record reflects that the district court considered Rojas's mitigating arguments but appropriately relied on several § 3553(a) factors in determining that an above-guideline sentence was warranted, including Rojas's criminal history and characteristics, the need to provide adequate deterrence to his further recidivism, and the need to protect the public from further crimes.  The district court's decision to vary 10 months above the advisory guidelines range was based on permissible factors that advanced the objectives set forth in § 3553(a).  Further, the extent of the variance was not significant compared to other more substantial variances affirmed by the court.  *See United States v. Brantley*, 537 F.3d 347, 349-50 (5th Cir. 2008); *United States v. Lopez-*

No. 14-40221
c/w No. 14-40225

*Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). The fact that the district court imposed the revocation sentence to run consecutively to the 40-month sentence has no bearing on the reasonableness of the sentence for the most recent conviction. *See Lopez-Velasquez*, 526 F.3d at 808-09. Rojas has not demonstrated that the district court committed clear or obvious error in imposing the 40-month sentence. *See Puckett*, 556 U.S. at 135.

Secondly, Rojas argues that his statutory maximum 24-month revocation sentence that was above the 8-14-month advisory policy statement range was substantively and plainly unreasonable. He again argues that the district court gave too much weight to deterrence, protection of the public, and his dated violent criminal history. Further, Rojas asserts that the lengthy consecutive sentence was unreasonable in light of the 40-month sentence imposed for the new offense.

This court generally reviews a revocation of supervised release sentence under a plainly unreasonable standard. *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). However, Rojas failed to object in the district court to the sentence on the specific grounds argued on appeal and, therefore, review is limited to plain error. *See Puckett*, 556 U.S. at 135; *Peltier*, 505 F.3d at 391. Revocation sentences exceeding the guidelines range but not exceeding the statutory maximum have been upheld as a matter of routine against challenges that the sentences were substantively unreasonable. *See Warren*, 720 F.3d at 332. Rojas's 24-month sentence was not substantively or plainly unreasonable. *See Warren*, 720 F.3d at 332; *United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009). The district court did not commit clear or obvious error in imposing the sentence. *See Puckett*, 556 U.S. at 135.

The sentences are AFFIRMED.